RECEIVED
IN ALEXANDRIA, LA.

NOV - 7 2013

TONY R. MOORE, CLERK
_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EARNEST HALL #514571                    DOCKET NO. 13-CV-2305; SEC. P

VERSUS                                  JUDGE DEE D. DRELL

CCA, ET AL.                             MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff Earnest Hall filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 18, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains of injuries suffered to his hand or arm and the medical treatment he received. He seeks compensatory and punitive damages from defendants Corrections Corporation of America (CCA), the LDOC, and Kathy Richardson.

*Factual Allegations*

Plaintiff alleges that on May 14, 2013, while housed in the Cypress Unit at WNC, with inmate Deboski Small, "a six foot piece of steel metal fell from the lining of the roof," cutting Plaintiff's left and right arms.[1] [Doc. #1-2, p.7] The cuts were cleaned by Nurse's Aid Smith, and Plaintiff was provided with two bandages. Plaintiff claims that this medical care was insufficient,

---

[1] Coincidentally, in July 2011, Deboski Small filed a law suit alleging that, on April 22, 2011, a piece of steel from the ceiling or door frame of his assigned cell at that time fell and landed on his left foot and ankle, resulting in a fracture. [Doc. #1, p.3] *Deboski Small v. Winn Correctional Center, et al.*, 1:11-cv-1362.

and that he should have been evaluated by Kathy Richardson to determine whether he should be sent to a hospital. [Doc. #1-2, p.2]

*Law and Analysis*

Plaintiff claims that CCA is liable for injury, pain, and medical bills because they run the facility, that Kathy Richardson is liable for not evaluating the wounds to determine whether Plaintiff needed to go to a hospital, that the Dept. of Corrections is liable for injuries, bill, and costs since Plaintiff is in their custody. [Doc. #1-2, p.2]

I.  **Liability for the accident**

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding a piece of metal falling on his hands/arms do not present a violation of a constitutional right. See eg. Benton v. Grant, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained

2

in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it).

## II. Medical Care

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Even if care is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

"[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted). Negligence, neglect, or medical malpractice do not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross

negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff has not alleged that he was refused treatment. He was in fact, treated by a nurse's aid who cleaned his wounds and provided him with bandages. To the extent he disagrees with the treatment provided, Plaintiff fails to state a claim. A disagreement with a course of medical treatment, does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Moreover, Plaintiff has not alleged that he actually did need to go to the hospital, nor has he stated how or why the medical care that he received was inadequate. He does not allege any constitutional liability of the defendants. There are no allegations that any defendant subjectively intended to cause him harm.

## III. CCA

Like a supervisor, CCA, a private corporation, is not vicariously liable[2] under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350

---

[2]Supervisory Liability is liablity that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (9th ed. 2009)

4

F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by CCA nor does he identify an unconstitutional policy implemented by CCA that causally resulted in injuries to Plaintiff. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993).

IV. LDOC

The Department of Public Safety and Corrections is barred from suit pursuant to the Eleventh Amendment of the United States Constitution. Under that Amendment, States are immune from suit for damages in federal court by citizens of the State, as well as citizens of other states, unless the state consents to suit. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Even where the state is itself not named as a party to the suit, if the action is, in essence, a suit against the State, the action is barred under the Eleventh Amendment. Id. at 663. Louisiana has expressly refused to consent to waiving its Eleventh Amendment Immunity. See La. R.S. 13:5106(A).

*Conclusion*

It appears that Plaintiff has pleaded his "best case," and that further amendment of the complaint is not necessary for preliminary screening.

**FOR THE FOREGOING REASONS, IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and

failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 7th day of November, 2013

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE